The district court considered that the fact that the mortgage was past due presented no stumbling block to consummation of the deal, for the reason that appellants were able to pay off the mortgage, or to place another mortgage on the property in all probabilities at a lower rate of interest, in view of their connections and financial standing. Even so, we think it was clearly erroneous to hold that they were bound to accept this property under conditions varying materially from those upon which they had relied in the final negotiations. We think that appellee, as a real estate agent, did not effectuate a meeting of minds of the parties upon the material terms of an agreement to buy and sell real estate.

Accordingly, the judgment of the district court is reversed and the case is dismissed.

Robert W. Sweet, Asst. U. S. Atty., New York City (J. Edward Lumbard, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Andrew J. Dritsas, New York City (Albert Barnett Klepper, New York City, on the brief), for defendant-appellant.

Before CLARK, Chief Judge, and L. HAND and MEDINA, Circuit Judges.

PER CURIAM.

Affirmed on the opinion of District Judge Leibell, 128 F.Supp. 97.

UNITED STATES of America, Plaintiff-Appellee,

v.

Vincent LANDERS, Defendant-Appellant.

No. 33, Docket 23108.

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1954.

Decided Dec. 20, 1954.

AMERICAN VISUALS CORPORATION, Plaintiff-Appellant,

v.

Frederick A. HOLLAND and Sam Schwartz, Defendants-Appellees.

No. 115, Docket 23207.

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1955.

Decided Feb. 2, 1955.

